# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| CARBON ACTIVATED TIANJIN CO., LTD., CARBON ACTIVATED CORPORATION, DATONG JUQIANG ACTIVATED CARBON CO., LTD., SHANXI INDUSTRY TECHNOLOGY TRADING CO., LTD., DATONG MUNICIPAL YUNGUANG ACTIVATED CARBON CO., LTD. and BEIJING PACIFIC ACTIVATED CARBON PRODUCTS CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | **COMPLAINT** <br><br> Court No. 21-00131 |

## COMPLAINT

Plaintiffs Carbon Activated Tianjin Co., Ltd. ("CA Tianjin"), Carbon Activated Corporation ("CAC"), Datong Juqiang Activated Carbon Co., Ltd. ("DJAC"), Shanxi Industry Technology Trading Co., Ltd., Datong Municipal Yunguang Activated Carbon Co., Ltd., and Beijing Pacific Activated Carbon Products Co., Ltd. (collectively, "Plaintiffs"), by and through undersigned counsel, hereby allege and state as follows.

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs seek review of the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), in the twelfth administrative review ("AR12") of the antidumping duty ("ADD") order on activated carbon from the People's Republic of China ("China") covering the period April 1, 2018 to March 31, 2019, published as *Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping*

*Duty Administrative Review, Final Determination of No Shipments, and Final Rescission of Administrative Review, in Part; 2018-2019*, 86 Fed. Reg. 10,539 (Feb. 22, 2021) ("Final Results").

2.     The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (Feb. 12, 2021) and "Final Surrogate Value Memorandum" (Feb. 12, 2021) accompanying the Final Results.

## JURISDICTION

3.     This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the Final Results issued by the Department in AR12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4.     Plaintiffs CA Tianjin and DJAC are exporters of activated carbon from China that were selected as mandatory respondents in AR12; Plaintiff CAC is CA Tianjin's affiliated U.S. importer. Plaintiffs Shanxi Industry Technology Trading Co., Ltd., Datong Municipal Yunguang Activated Carbon Co., Ltd., and Beijing Pacific Activated Carbon Products Co., Ltd. are exporters who were granted separate rate status in AR12. Plaintiffs participated in the Department's proceeding that resulted in the challenged determination and are subject to the Final Results. Therefore, Plaintiffs are interested parties as described in 19 U.S.C. § 1677(9)(A) and have standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5.     Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews, must file the summons within 30 days of

the date of publication in the Federal Register of the Final Results. 19 U.S.C.

§ 1516a(a)(2)(A)(i). The Department published the Final Results on February 22, 2021.

6.  This action was timely commenced within 30 days of the date of publication of the Final Results, by the filing of a Summons on March 23, 2021. This Complaint is timely filed within 30 days of the filing of Plaintiffs' Summons. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c) and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7.  The Department issued the ADD order on activated carbon from China on April 27, 2007. *Certain Activated Carbon from the People's Republic of China: Notice of Antidumping Duty Order*, 72 Fed. Reg. 20,988 (April 27, 2007).

8.  On June 7, 2019, the Department initiated AR12 with respect to a number of companies including Plaintiffs. *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 84 Fed. Reg. 27,587, 27,589-90 (June 13, 2019).

9.  In AR12, the Department individually examined the sales of CA Tianjin and DJAC, both of which participated by providing the Department with responses to questionnaires and various factual information and argument concerning the review. By its determination published on April 30, 2020, the Department preliminarily assigned CA Tianjin an ADD rate of US$1.66/kg and DJAC an ADD rate of US$0.22/kg. *Certain Activated Carbon from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Intent to Rescind the Review, in Part, and Preliminary Determination of No Shipments; 2018–2019*, 85 Fed. Reg. 23,947, 23,950 (April 30, 2020) ("Preliminary Results").

10.	The Department preliminarily assigned nine separate rate companies, including Shanxi Industry Technology Trading Co., Ltd., Datong Municipal Yunguang Activated Carbon Co., Ltd., and Beijing Pacific Activated Carbon Products Co., Ltd., the weighted average of the mandatory respondents' (CA Tianjin and DJAC) ADD rates based on publicly available ranged U.S sales quantities, assigning a separate rate of US$0.49/kg. *Id*.

11.	In the Preliminary Results, the Department selected Malaysia as the primary surrogate market economy country for China, from which the values of the mandatory respondents' factors of production ("FOP") were derived to calculate normal value. Decision Memorandum for the Preliminary Results (April 24, 2020), at 10-17.

12.	Throughout AR12, Plaintiffs placed surrogate value information on the record for the Department's use in valuing FOPs, including carbonized material, bituminous coal, liquid caustic, hydrochloric acid, anthracite coal, steam and financial ratios. On July 20, 2020, Plaintiffs filed an administrative case brief requesting that the Department use particular data to value FOPs, including carbonized material, bituminous coal, liquid caustic, hydrochloric acid, anthracite coal, steam, ocean freight, and financial ratios.

13.	On February 22, 2021, the Department published its AR12 Final Results, rejecting the arguments of Plaintiffs and affirming its preliminary surrogate value choices for all FOPs except financial ratios, which it valued based on the contemporaneous Malaysian financial statements of Bravo Green (2018).

14.	As a result of the changes to the Preliminary Results, the Department in its Final Results assigned: CA Tianjin an ADD rate of US$1.83/kg.; DJAC an ADD rate of US$0.38/kg.; and the separate rate companies an ADD rate of US$0.65/kg. Final Results, 86 Fed. Reg. at 10,540.

## STATEMENT OF CLAIMS

### COUNT ONE

15. Paragraphs 1 to 14 are adopted, incorporated and re-alleged here by reference.

16. The Department's failure to use the best available surrogate value data to value bituminous coal in AR12 is not supported by substantial evidence and is otherwise not in accordance with law.

### COUNT TWO

17. Paragraphs 1 to 14, and 16 are adopted, incorporated and re-alleged here by reference.

18. The Department's failure to use the best available surrogate value data to value carbonized material in AR12 is not supported by substantial evidence and is otherwise not in accordance with law.

### COUNT THREE

19. Paragraphs 1 to 14, 16, and 18 are adopted, incorporated and re-alleged here by reference.

20. The Department's failure to use the best available surrogate value data to value liquid caustic in AR12 is not supported by substantial evidence and is otherwise not in accordance with law.

### COUNT FOUR

21. Paragraphs 1 to 14, 16, 18, and 20 are adopted, incorporated and re-alleged here by reference.

22. The Department's failure to use the best available surrogate value data to value hydrochloric acid in AR12 is not supported by substantial evidence and is otherwise not in accordance with law.

## COUNT FIVE

23. Paragraphs 1 to 14, 16, 18, 20, and 22 are adopted, incorporated and re-alleged here by reference.

24. The Department's failure to use the best available surrogate value data to value anthracite coal in AR12 is not supported by substantial evidence and is otherwise not in accordance with law.

## COUNT SIX

25. Paragraphs 1 to 14, 16, 18, 20, 22, and 24 are adopted, incorporated and re-alleged here by reference.

26. The Department's failure to use the best available surrogate value data to value steam in AR12 is not supported by substantial evidence and is otherwise not in accordance with law.

## COUNT SEVEN

27. Paragraphs 1 to 14, 16, 18, 20, 22, 24, and 26 are adopted, incorporated and re-alleged here by reference.

28. The Department's failure to use the best available surrogate value data to value financial ratios in AR12 is not supported by substantial evidence and is otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(a) hold that the Department's Final Results are unsupported by substantial evidence and are otherwise not in accordance with law;

(b) remand the Final Results with instructions to issue a new determination consistent with this Court's decision; and

(c)     provide such other and further relief as this Court deems just and proper.

                              Respectfully submitted,

                              */s/ Francis J. Sailer*_____
                              Francis J. Sailer
                              Dharmendra N. Choudhary
                              Jordan C. Kahn

                              GRUNFELD, DESIDERIO, LEBOWITZ
                              SILVERMAN & KLESTADT LLP
                              1201 New York Ave., NW, Ste. 650
                              Washington, DC 20005
                              (202) 783-6881

                              *Counsel to Plaintiffs Carbon Activated Tianjin Co., Ltd., Carbon Activated Corporation, Datong Juqiang Activated Carbon Co., Ltd., Shanxi Industry Technology Trading Co., Ltd., Datong Municipal Yunguang Activated Carbon Co., Ltd., and Beijing Pacific Activated Carbon Products Co., Ltd.*

Dated:  April 16, 2021

## CERTIFICATE OF SERVICE

  I hereby certify that on April 16, 2021, I caused copies of the foregoing Complaint to be served upon the following individuals by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 1874
Washington, DC 20230

**On Behalf of Calgon Carbon Corporation and Cabot Norit Americas, Inc.**
John M. Herrmann
**Kelley Drye & Warren LLP**
3050 K Street, NW
Suite 400
Washington, DC 20007

**On Behalf of Jacobi Carbons AB and it affiliates: Tianjin Jacobi International Trading Co., Ltd., Jacobi Carbons Industry (Tianjin) Co., Ltd., and Jacobi Carbons, Inc.**
Daniel L. Porter
**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, NW
Washington, DC 20006

**On Behalf of Tancarb Activated Carbon Co., Ltd., Jilin Bright Future Chemicals Company, Ltd., and Ningxia Mineral & Chemical Limited**
Gregory S. Menegaz
**dekieffer & Horgan**
1090 Vermont Ave., NW
Suite 410
Washington, DC 20005

**On Behalf of Shanxi Dapu International Trade Co., Ltd., Beijing Pacific Activated Carbon Products Co., Ltd.**
Meng Jing
**Guantao Law Firm**
18/F, Tower B, Xinsheng Plaza,
5 Finance Street, Xicheng District,
Beijing 100032, China

**On Behalf of Ningxia Huahui Activated Carbon Co. Ltd.**
Jeffrey S. Grimson
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

**On behalf of Shanxi Sincere Industrial Co., Ltd., Shanxi Tianxi Purification Filter Co., Ltd., and Tianjin Channel Filters Co., Ltd.**
Zhang Yi
**Gaopeng & Partners**
28th/F, Silver Tower,
2 North Donsanhuan Road
Beijing 100027 China

                                                 */s/ Francis J. Sailer*_____
                                                 Francis J. Sailer

11025424_1